<u>NOT FOR PUBLICATION</u>                              [Docket No. 14]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| JOSEPH J. D'AMICO,<br><br>           Plaintiff,<br><br>     v.<br><br>CHERYL BARD,<br><br>           Defendant. | Civil No. 06-3886 (RMB)<br><br>**OPINION** |

APPEARANCES:

Joseph J. D'Amico
#519087/68167B
South Woods State Prison
215 Burlington Road South
Bridgeton, New Jersey 08302-3479
     Pro Se Plaintiff

Sarah Brie Campbell, Esquire
Office of the New Jersey Attorney General
Department of Law & Public Safety
RJ Hughes Justice Complex
P.O. Box 112
Trenton, New Jersey 08625
(609) 633-8687
     Attorney for Defendant

**BUMB**, United States District Judge:

     This matter comes before the Court upon the motion by Defendant Cheryl Bard to dismiss for failure to state a claim or, alternatively, for summary judgment.  Plaintiff Joseph J. D'Amico, an inmate at South Woods State Prison, has not filed any

1

opposition.

On January 21, 2007, this Court dismissed most of the Complaint for failure to state a claim on 28 U.S.C. § 1915 review. The sole remaining claim is the allegation of a violation of the Equal Protection Clause by Defendant Bard for refusing to provide social services to Plaintiff based upon his race.

**FACTS**

Plaintiff Joseph D'Amico is an inmate incarcerated with the New Jersey Department of Corrections ("NJDOC") at South Woods State Prison ("SWSP") in Bridgeton, New Jersey. (Compl. at ¶ 4). According to the moving papers and the Complaint, on February 6, 2006, Plaintiff visited the SWSP Social Services Department and requested to make a telephone call to the West Windsor Police Department in Mercer County. (See Declaration of Cheryl Bard ("Bard Decl.") at ¶ 3). Defendant Cheryl Bard advised him that because it was not an emergency, the Social Services Department could not facilitate the call but that he could write a letter. (Id.). D'Amico then asked for the mailing address of the West Windsor Police Department. (Bard Decl. at ¶ 4). Defendant Bard directed him to the law library. (Id.). In his Complaint, Plaintiff alleges that:

> Miss Bard, when asked for the address of West Windsor Police Headquarters, wrote in her log book but never

```
    got me the address.  I had to get it myself and it was
    her job to get it for me.
```

(Compl. at ¶ 10).

**DISCUSSION**

Defendant Bard argues that Plaintiff's Complaint should be dismissed because Plaintiff has failed to exhaust the available administrative remedies with respect to his claim that he was treated differently than other inmates by the Defendant. The Prison Litigation Reform Act ("PLRA") requires prisoners to first exhaust all administrative remedies before asserting a claim in federal court. 42 U.S.C. § 1997e(a). Specifically:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The Supreme Court recently held that the PLRA requires "proper exhaustion." Woodford v. Ngo, U.S. 126 S. Ct. 2378, 2387 (2006). There, the Court stated that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without some orderly structure on the course of its proceedings." Id. at 2386. The exhaustion requirement applies to prison conditions, which include not only conditions affecting

3

prisoners generally, but also to "occurrences." Porter v. Nussle, 534 U.S. 516, 521 (2002). The Third Circuit, in Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002), held that the PLRA's exhaustion requirement applies to the grievance procedure in an inmate handbook that is not formally adopted by a state administrative agency. Id. at 1348-49. Exhaustion is mandatory, even if the available administrative processes cannot grant the desired remedy. Booth v. Churner, 206 F.3d 289, 291 (3d Cir. 2000).

In assessing whether the exhaustion requirement applies to Plaintiff, this Court must look to his status at the time he filed his Complaint. Porter, 534 U.S. at 524; Ahmed v. Dragovich, 297 F.3d 201, 210 (3d Cir. 2002) (denying plaintiff prisoner's motion to amend on grounds of futility since the plaintiff was a prisoner at the time he filed his original complaint and conceded that he did not exhaust available administrative remedies). 42 U.S.C. § 1915 provides that "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

In this case, the record is undisputed that Plaintiff was a prisoner incarcerated with the NJDOC at the time he filed the

4

Complaint and is subject to the PLRA's exhaustion requirement. (Compl. at ¶ 4). The allegations arose while Plaintiff was housed at SWSP in Bridgeton, New Jersey. Id. Thus, Plaintiff was obligated to take advantage of all available administrative remedies provided by the SWSP Inmate Handbook.

The Defendant has set forth evidence that SWSP established a grievance procedure which provides the inmate population a mechanism to bring complaints and problems to the attention of the prison administration. Grievance forms are available to the inmates on their housing units, from their housing unit officers or social workers, and in the law library. Once the form is completed and submitted, the form is forwarded to the appropriate department to address the complaint. (Id.). After the appropriate department has responded to the grievance, the form is returned to the inmate. (Id.). When the inmate receives the response to the grievance form, his administrative remedies have been exhausted.

In this case, Plaintiff has failed to provide any evidence that he utilized the foregoing procedures to voice his complaints regarding the claims raised in the Complaint.[1] Plaintiff failed to raise his concerns about the allegedly disparate treatment

---

[1] Because Plaintiff has failed to oppose the within motion, this Court has no evidence before it, other than Plaintiff's bare allegations, that Plaintiff exhausted his administrative remedies.

toward him by the Defendant.  Therefore, this Court finds that the record before the Court demonstrates that Plaintiff denied the prison administration the opportunity to review, address and resolve the issues raised in his Complaint at the institutional level before bringing this litigation.  As a result, Plaintiff's current Complaint is procedurally barred by the PLRA and will be dismissed.

**CONCLUSION**

For the aforementioned reasons, Defendant is entitled to summary judgment.  An appropriate Order will issue this date.

Dated:  February 6, 2008         s/Renée Marie Bumb
                                 RENÉE MARIE BUMB
                                 UNITED STATES DISTRICT JUDGE